# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10979
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAIME SHAKUR GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-105-2

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jaime Shakur Garcia challenges his guilty-plea convictions and sentences for interference with interstate commerce by robbery (Hobbs Act robbery) and possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 1951(a) and 924(c). On resentencing following remand by this court, Garcia was sentenced to the top of the advisory Sentencing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10979

Guidelines range of 51 months' imprisonment for the Hobbs Act robbery and to the statutorily-mandated ten years' imprisonment for the firearm charge.

Garcia contests his conviction on the § 924(c) charge, claiming Hobbs Act robbery is not a qualifying crime of violence that can support such a charge. Because Garcia did not preserve this issue in district court, review is only for plain error. *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017), *cert. denied sub nom. Allen v. United States*, 137 S. Ct. 2231 (2017), *and cert. denied*, 138 S. Ct. 149 (2017), *reh'g denied*, 138 S. Ct. 536 (2017).

Under that standard, Garcia must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

In any event, and as Garcia concedes, our court held in *Buck*, 847 F.3d at 274–75, that Hobbs Act robbery qualifies as a crime of violence under the use of force clause of § 924(c)(3)(A). Even assuming this claim is not barred by the mandate rule, Garcia raises it only to preserve it for further review.

Concerning his sentence, Garcia claims it is both procedurally and substantively unreasonable. Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed

*de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Garcia, however, did not preserve these issues in district court; therefore, review is again only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Regarding the claimed procedural error, at re-sentencing, Garcia presented bases for a lower sentence, including: his youth, his remorse, his cooperation with authorities, his fear as he committed the offense, and his efforts to ameliorate himself while in prison. The court also heard from two of the victims. The court acknowledged Garcia's assertions, the witnesses' statements, and Garcia's apology.

After announcing the sentence, the court reiterated its belief the sentence appropriately addressed the 18 U.S.C. § 3553(a) sentencing factors of punishment and deterrence. Even if the court "might have said more", the record makes clear the court considered "the evidence and arguments", and its statement of reasons for the sentence imposed was "legally sufficient". *Rita v. United States*, 551 U.S. 338, 358–59 (2007). Garcia has not shown the requisite clear or obvious error with respect to the claimed procedural error concerning the adequacy of the reasons for the imposed sentence. *Id.*; *Puckett*, 556 U.S. at 135.

Likewise, regarding the claimed substantive unreasonableness of the sentence, Garcia fails to show the court committed clear or obvious error by giving weight to an improper or irrelevant factor, or failing to consider a factor that should have received significant weight in sentencing him for the Hobbs Act robbery. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The court acknowledged the assertions regarding the decrease in the advisory Guidelines sentencing range, the Government's recommendation for a sentence at the low end of that range, and Garcia's cooperation with

authorities.    The court explained that sentence served the need for just punishment and deterrence, both § 3553(a) factors.

We therefore presume Garcia's within-Guidelines sentence is substantively reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).   Garcia essentially requests we reweigh the § 3553(a) factors, which is not within the scope of our review. *Gall*, 552 U.S. at 51.   In short, he has not shown plain error as to the substantive reasonableness of his sentence. *States v. Whitelaw*, 580 F.3d 256, 259–60.

AFFIRMED.